All concurred, except Parker, P. J., dissenting; Fursman, J., not sitting.

Delinda Ann Smith et al., Respondents, v.

Abram Sponable, Appellant. — Order affirmed, with ten dollars costs and disbursements. No opinion. All concurred.

---

## Fourth Department, January Term, 1902.

Edwin Aldrich and Others, Respondents, v. Frank W. Ward, Appellant, and Seth Aldrich, Respondent, Impleaded with Others. — Judgment reversed and new trial ordered, with costs to the appellant to abide the event. — Appeal from a judgment of the Supreme Court, entered in the office of the clerk of the county of Chautauqua on the 1st day of October, 1900, upon the decision of the court rendered after a trial at the Chautauqua Special Term. The action was commenced on the 10th day of December, 1899, to procure a certain mortgage which is an apparent lien upon premises owned by the plaintiffs, together with an assignment thereof, to be canceled and discharged of record, upon the ground that it had merged in a conveyance of the premises made by the mortgagors to one Mary A. Ward, the alleged owner of the mortgage; which relief was in substance awarded by the judgment appealed from.— McLennan, J. : On the 23d day of December, 1870, and for many years prior thereto, one Samuel A. Patterson, now deceased, was the owner of the premises described in the complaint. On that day, by warranty deed, he conveyed the same to one Charles L. Chesbro, also deceased, for the expressed consideration of $10,000, the whole of which the grantee obligated himself to pay by the execution of his bond, conditioned for the payment of the principal sum after the expiration of nineteen years from the date of the bond and not before, with interest annually. The bond was secured by a mortgage on the premises executed by the grantee and his wife, bearing even date with the deed, contained the same conditions as the bond, and was duly recorded on the 16th day of January, 1871. On the 27th day of March, 1871, Patterson executed and acknowledged an assignment of the bond and mortgage, together with another bond and mortgage for $7,712 not involved in this action, to his daughter Mary A. Ward, now deceased, in trust, however, to receive the interest thereon for nineteen years from the 1st day of February, 1871, the interest thereafter to be payable one-half to the said Mary A. Ward during her natural life, and the other half, share and share alike, to her children, if any, then living; the principal after her death to be paid to her surviving children, if any; and if none, then to her brothers or their descendants. The respondents claim — and the trial court found — that such assignment was never delivered to Mary A. Ward by Patterson, or accepted by her, and was, therefore, without force or effect, but that Mary A. Ward became the absolute owner of the bond and mortgage entirely independent of such assignment, and that merger took place when she became the owner of the fee, as she afterwards did. Such finding presents the chief question to be determined upon this appeal. The interest on the mortgage which became due at the expiration of the first year after its execution was paid to Patterson, but whether for his own or his daughter's use does not appear. The next year's interest was paid to Mrs. Ward. The interest falling due at the end of the third year was not paid, although demanded by Mrs. Ward, and on the 7th day of April, 1873,

an action was commenced in the Supreme Court by her, through her attorneys, Messrs. Sherman & Hull of Forestville, N. Y., to foreclose the mortgage. In the complaint in that action, which was duly verified on that day by Mary A. Ward, it was, among other things, alleged: "And that the said Samuel A. Patterson, on the 27th day of March, 1871, by an instrument in his writing under his hand and seal, duly sold and assigned the said bond and mortgage to the said plaintiff, Mary A. Ward, who is the holder and owner thereof." In the *lis pendens*, which was prepared by the attorneys on the same day, it was, among other things, stated: "And said mortgage was by the said Samuel A. Patterson, by an instrument under his hand and seal in writing, on the 27th day of March, 1871, duly sold and assigned to the said plaintiff." The bond and mortgage were delivered by Mrs. Ward to her attorneys for the purpose of having the same foreclosed, or by her husband, Wallace Ward, who was acting for her. The complaint in the foreclosure action was prepared by Mr. Hull and is in his handwriting, except the date of the alleged assignment, which was unknown to him. Patterson then brought the assignment to the attorneys' office, and from it the date was ascertained and inserted in the complaint, with the knowledge of Patterson. Mary A. Ward then made oath to the truth of the allegations therein contained, and the attorneys, upon that information, prepared the *lis pendens*. After service of the summons and complaint upon Chesbro, he served through his attorneys, Messrs. Murray & Patterson, a notice of retainer. Thereafter and on May 20, 1873, the action was discontinued, the plaintiff paying the costs; and Chesbro and his wife executed a deed of conveyance of the premises to Mary A. Ward, and at the same time delivered a horse of the value of about $200 to her or to Patterson, and the bond executed by Chesbro was surrendered to him, and thereby, as understood by all the parties, personal liability on the part of Chesbro upon such bond and mortgage ceased and terminated, and Mary A. Ward immediately entered into possession of the premises. Samuel A. Patterson died on the 12th day of October, 1883, and the evidence of the witness James G. Patterson, who was a brother of Mary A. Ward, is to the effect that after the death of his father he found the assignment in question among his father's old and worthless papers; that he nevertheless delivered the same to his sister, Mary A. Ward, who immediately caused the same to be recorded under date of November 30, 1883. Mary A. Ward lived until after the expiration of the period of nineteen years mentioned in the bond and mortgage and in the assignment, and died on the 11th day of February, 1898, her husband having died previously, leaving as her heirs at law her children, the appellant Frank W. Ward, who is of full age, Leila Ward, an infant, and certain grandchildren, children of her deceased son, Perry P. Ward, all of whom are made defendants. Mary A. Ward, on the 21st day of November, 1889, six years after she procured the assignment in question to